**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddfalw.com**
*Attorneys for Plaintiff, LORI ROCCA, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ROCCA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FITNESS INTERNATIONAL, LLC, and Does 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>(1) Violation of California's False Advertising Law<br>(2) Violation of Unfair Competition Law;<br>(3) Violation of Unfair Competition Law;<br>(4) Violation of Florida Deceptive and Unfair Trade Practices Act<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

Plaintiff LORI ROCCA ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendants FITNESS INTERNATIONAL, LLC, to stop Defendants' practice of cheating consumers out of thousands of dollars each and to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, the products from Defendants (hereinafter collectively referred to as the "Class Products"). Plaintiff is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

2. Defendant FITNESS INTERNATIONAL, LLC is a California limited liability company and is engaged in the business owning and operating fitness and training facilities open to the public with its headquarters and principle place of business in California.

3. Defendants pressured consumers into signing agreements for yearlong gym memberships by misleading consumers into believing that they were only obtaining and obligated to pay for one month membership.

4. Plaintiff and others similarly situated signed these agreements.

5. Defendants would then proceed to charge large amounts of money from Plaintiff and others similarly situated which these consumers did not authorize.

6. Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated the content of the agreements that Defendants pressured Plaintiff and others similarly situated to sign.

7. Defendants' misrepresentations to Plaintiff and others similarly situated caused them to enter into agreements, which Plaintiff and others similarly situated would not have entered absent these misrepresentations by Defendants

and its employees. In so doing, Defendants have violated California consumer protection statutes and stole hundreds of thousands, if not millions, of dollars.

## JURISDICTION AND VENUE

8. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

9. This matter is properly venued in the United States District Court for the Central District of California, because Defendant Fitness International, LLC has its headquarters and principal place of business in Irvine, California.

10. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any Defendants, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

11. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

12. Plaintiff LORI ROCCA is a citizen and resident of the State of Florida.

13. Plaintiff alleges, on information and belief, that Defendants' marketing campaigns, as pertains to this matter, were created by Defendants in Irvine, California, and were disseminated from California, nationwide.

14. Plaintiff is informed and believes, and thereon alleges, that at all time

relevant, Defendants' sales of memberships are governed by the controlling law in the state in which they do business and from which the sales or products and products, and the allegedly unlawful acts originated, which is California.

15. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

16. Plaintiff is informed and believes, and thereon alleges, that said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

17. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## FACTUAL ALLEGATIONS

18. Defendants' Sales Representative Mike DOE, using high pressure sales techniques on Plaintiff, persuaded Plaintiff to purchase Defendants' services at Defendants' South Tampa, FL location. Defendants' Sales Representative informed Plaintiff that she could cancel the membership and be charged only for a single month.

19. Shortly thereafter, Plaintiff sent a letter via certified mail, canceling the membership in accordance with Defendants' representations.

20. Plaintiff did not then, nor ever, authorize Defendant to make an

charge her card with additional funds after her cancellation.

21. Notwithstanding Plaintiff's cancelation, Defendants continued to charge Plaintiff every month on her credit card.

22. Plaintiff immediately contacted Defendants, disputed funds and the reinstate the cancelation of the contract.

23. Defendants responded that Plaintiff had signed an agreement (the "Agreement") that allowed Defendants to deducts thousands of dollars from Plaintiff's account that she had never agreed to

24. At the time of the agreement, Defendants and its agents made various abiding representations to Plaintiff, including but not limited to promises that Plaintiff was only signing up for one month membership and was only obligated to pay for that one month.

25. For this reason, Plaintiff was induced to and eventually decided upon signing an agreement with Defendants.

26. However, despite the representations of Defendants, the agreement was for one year membership.

27. Upon learning this, Plaintiff felt ripped off and cheated by Defendants.

28. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

29. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendants' memberships.

30. In purchasing these memberships, Plaintiff relied upon Defendants' representations.

31. Plaintiff would not have purchased the product if he knew that the above-referenced statements made by Defendants were false.

32. Had Defendants properly marketed, advertised, and represented the true nature of these agreements Plaintiff would not have signed the agreement.

33. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

34. At all relevant times, the conduct of Defendants as set forth herein has been willfully misleading, fraudulent, false and oppressive.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

36. The class Plaintiff seeks to represent (the "Class") is defined as follows:
> All persons in the United States who purchased Defendant's services within the applicable statute of limitations.

37. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

38. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

39. Excluded from the Class (collectively, the "Class") are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

40. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

41. Upon information and belief, the proposed Class is composed of thousands of persons. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical.

42. No violations alleged in this complaint are contingent on any individualized interaction of any kind between members of the Class and Defendants.

43. Rather, there are common questions of law and fact as to the members of the Class that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendants engaged in unlawful, unfair, or deceptive business practices in selling gym memberships to Plaintiff and other members of the Class;

    (b) Whether Defendants made misrepresentations with respect to the gym memberships sold to consumers;

    (c) Whether Defendants profited from the sale of the gym memberships;

    (d) Whether Plaintiff and members of the Classes are entitled to equitable and/or injunctive relief;

    (e) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and members of the Classes; and

    (f) The method of calculation and extent of damages for Plaintiff and members of the Classes.

44. Plaintiff is a member of the classes he seeks to represent.

45. The claims of Plaintiff are not only typical of all members of the Classes, they are identical.

46. All claims of Plaintiff and the Classes are based on the exact same legal theories.

47. Plaintiff has no interest antagonistic to, or in conflict with, the Classes.

48. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes, because Plaintiff signed an agreement with Defendants during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein

irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all members of the Classes as demonstrated herein.

49. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

50. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CLAIM FOR RELIEF
### Unfair and Unlawful Business Practices in Violation of the Unfair Competition Law,
### Cal. Bus. & Prof. Code § 17200, *et seq.*
### (On Behalf of the Class)

51. Plaintiff incorporates the above allegations by reference.

52. Defendants' conduct resulted from policies that Defendants contrived, ratified, and implemented throughout its retail locations.

53. Defendants' conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition. Additionally, Defendants' conduct is unlawful because, as set forth below, it violates the False Advertising Law and the Florida Deceptive and Unfair Trade Practices Act.

54. Defendants engaged in unfair methods of competition and unfair trade practices that violate the UCL in at least the following respects:

   a. With the intent and effect of stifling open and vigorous competition in the market for gym membership services, Defendants devised and executed a scheme to mislead consumers throughout its retail locations.

   b. Defendants intentionally caused the above referenced misleading of consumers through purposeful, willful and intentional objectively false statements and omissions.

  c. Defendants made no action to rectify the above referenced deception and provided no corrective advertising that was easily accessible to consumers which would offset its blatantly false advertising.

  d. By forcing Plaintiff and Class members believe that it would charge its consumers less than it actually charges them, Defendants have obtained an unfair advantage in the marketplace and has hindered competition for other providers of gym facilities.

  e. To induce purchases of Defendants' services, Defendants provided misleading advertisements throughout its retail locations.

  f. Defendants' conduct was designed to increase and maintain its share of the market due to conditions separate from competitive factors like pricing and quality of services.

55. Defendants acted to inhibit competition in a manner that is unfair and substantially injurious to the consuming public. Defendants' unfair methods of competition and unfair acts and practices are contrary to California law and policy and constitute unscrupulous, unethical, outrageous, and oppressive business practices.

56. Defendants have indicated that it considers itself free to commit similar injurious acts of unfair competition in the future. It should be enjoined from doing so pursuant to Business and Professions Code section 17203.

57. The gravity of the harm resulting from Defendants' conduct detailed above outweighs any possible utility of this conduct. There are reasonably available alternatives that would further Defendants' legitimate business interests.

58. Plaintiff and Class members could not have reasonably avoided injury from Defendants' unfair business conduct. Plaintiff and Class members did not know, and had no reasonable means of learning, that Defendants' products did not have the price that Defendants represented.

59. As a direct and proximate result of Defendants' conduct, Plaintiff

and Class members have suffered injuries in fact, including because:

  a. Defendants' unfair methods of competition and unfair acts and practices have prevented Plaintiff and Class members from making purchasing decisions on the basis of competitive factors in the marketplace for consumer and business goods.

  b. As a result of Defendants' unfair methods of competition and unfair acts and practices, Plaintiff and Class members who purchased services that they would not have purchased absent Defendant's false representations.

  c. Defendants' unfair methods of competition and unfair acts and practices have caused Plaintiff's and Class members' to purchase items that had substantially less value than advertised.

60. All of Defendants' unlawful and unfair conduct occurred during Defendant's business and was part of a generalized course of conduct.

61. Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction prohibiting Defendant from committing these violations. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

**SECOND CLAIM FOR RELIEF**
**Fraudulent Business Practices in Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the Class)**

62. Plaintiff incorporates the above allegations by reference.

63. Defendants' conduct resulted from policies that Defendants contrived, ratified, and implemented systematically throughout its retail locations.

64. Defendants' conduct violates the UCL's prohibition of fraudulent business practices.

65. To induce purchases of Defendants' services, Defendant made misleading statements in its advertisements that deceived Plaintiff and Class

members and reinforced its reasonable expectation and belief about the price of its services.

66. A reasonable consumer would expect that they would be able to rely on the price information provided by Defendant.

67. At the time Plaintiff and Class members purchased their Class Products, Defendant was aware of consumers' widespread and common practice of relying on the pricing information of Defendant. Defendant deliberately furthered, fostered, and reinforced this expectation, through uniform misrepresentations and material omissions.

68. Defendants' uniform listing of false pricing information communicated to reasonable consumers through the use of tags, signages, receipts, and other representations and omissions mislead these consumers into believing that Defendant's services were different than advertised.

69. These multiple statements, together with (i) consumers' existing reasonable expectations to rely on Defendants' representations, and (ii) Defendant's suppression of the true, material fact that the services were of a different price, completed Defendant's deceptive scheme.

70. Defendants' conduct had a strong tendency and likelihood to deceive reasonable consumers. Defendant's conduct misled, deceived, and tricked Plaintiff and Class members into purchasing Defendants' services they would not have purchased in the absence of Defendants' deception.

71. When they purchased Defendants' services, Plaintiff and Class members reasonably relied to their detriment on Defendant's misleading statements in its advertisements, representations and omissions. These statements deceived Plaintiff and Class members by, among other things, reinforcing their reasonable expectation and belief that they could rely on Defendants' pricing information.

72. The pricing information was material and highly important to Plaintiff and Class members in deciding to purchase Class Products.

73. Defendants have a duty to clearly and conspicuously disclose to Plaintiff and Class members the true and accurate price of its services, because (i) a reasonable consumer would find this information highly important and material to the decision of whether to purchase a services instead of another article services, and (ii) a reasonable consumer would expect that, unless otherwise informed, he or she would be able to rely on Defendants' representations of the price.

74. Defendants caused Plaintiff and Class members to forgo purchasing services from other companies due to its false representations and concealment of material facts.

75. At the direct expense of Plaintiff and Class members, Defendants benefited and profited from its false representations and concealment of material facts. As a direct and proximate result of Defendants' deception, more consumers purchased Defendants' services.

76. Defendants' wrongful and injurious deception continued when it failed to provide corrective advertising to Plaintiff and Class members

77. To induce purchases of Defendants' services, Defendants intentionally caused the Class Services to be perceived as having a different price content than they in fact had.

78. Defendants' misleading advertisments had a strong tendency to, and actually did, deceive Plaintiff and Class members.

79. Plaintiff and Class members reasonably relied to their detriment on Defendants' misleading advertisements. Defendants' misleading misrepresentations and omissions caused actual harm to Plaintiff and Class members by inducing them to purchase Defendants' items. Plaintiff and Class

members purchased Defendants' services as a direct and proximate result of Defendants' misleading statements and omissions.

80. All of Defendants' misleading and fraudulent conduct occurred during Defendants' business and was part of a generalized course of conduct.

81. Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

**THIRD CLAIM FOR RELIEF**
**Violations of the False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500, *et seq.***

**(On Behalf of the Class)**

82. Plaintiff incorporates the above allegations by reference.

83. Defendants violated the FAL by using false and misleading statements, and material omissions, to promote the sale of Class Products.

84. Class Products do not possess the level of quality or value that Defendants promised.

85. Defendants made uniform representations and material omissions that communicated to Plaintiff and Class members that Class Products were of a different price.

86. Defendants knew, or in the exercise of reasonable diligence should have known, that its representations and omissions were false and misleading at the time it made them. Defendants deliberately provided false representations and omissions to deceive reasonable consumers.

87. Defendants' false and misleading advertising of Class Products deceived the general public.

88. As a direct and proximate result of Defendants' misleading and false

advertising, Plaintiff and Class members have suffered injury-in-fact and have lost money and property. Plaintiff and Class members reasonably relied to their detriment on Defendants' material misrepresentations and omissions that Class Products would be of lower price.

89. Plaintiff and Class members bring this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Defendants to issue appropriate corrective disclosures. Defendants' false advertising will continue to harm consumers unless and until it is enjoined. Plaintiff and Class members therefore seek: (a) an order requiring Defendants to cease its false advertising; (b) full restitution of all monies Defendants derived from its false advertising; (c) interest at the highest rate allowable by law; and (d) an award of reasonable attorneys' fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

**FOURTH CLAIM FOR RELIEF**
**Violations of the Florida's Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. Ann. § 501.201, et seq.**
**(On Behalf of the Class)**

90. Plaintiff incorporates the above allegations by reference.

91. FSA §501.204 states in relevant part, "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

92. As explained above, Defendants have committed multiple acts with respect to Plaintiff and the class that constitute unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts and practices in violation of FSA §501.204.

93. Defendants' violations of the law were done knowingly and willfully and subject Defendants to $10,000 in civil penalties to each and every class member as well as restitution, disgorgement of profits, and reasonable attorney's fees and costs, pursuant to F.S.A. § 501.2075.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and the Class and Subclass defined above, respectfully request that this Court:

    A.    Certify this case as a class action under the California Rules of Civil Procedure, appoint Plaintiff as Class representative, and appoint the undersigned counsel as Class counsel;

    B.    Enter injunctive and declaratory relief as appropriate under applicable law;

    C.    Order restitution or actual damages to Plaintiff and Class members;

    D.    Award Plaintiff and Class members trebled damages along with pre- and post-judgment interest, as prescribed by law;

    E.    Award punitive damages, as permitted by law, in an amount to be determined by the jury or the Court;

    F.    Order Defendants to provide notice to the Class of this action and the remedies entered by this Court;

    G.    Award reasonable attorneys' fees and costs as permitted by law; and

    H.    Enter such other and further relief as may be just and proper.

Dated: January 15, 2018        Respectfully submitted,

                              LAW OFFICES OF TODD M. FRIEDMAN , PC

                              By: /s Todd. M. Friedman
                              TODD M. FRIEDMAN, ESQ.
                              Attorney for Plaintiff